IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN P. GRADOS,                     )
          Plaintiff,                  )
                                      )
    v.                                ) Civil Action No. 11-935
                                      )
KAREN LANIER, LINDA WALT, WILLIAM     )
BRADY, VINCENT COOK,                  )
          Defendants.                 )

MEMORANDUM

Gary L. Lancaster,                              November $\overset{\mathcal{2\!8}}{}$, 2011
Chief Judge.

Plaintiff, Steven P. Grados, alleges that defendants conspired to deny him due process of law in violation of the Fourteenth Amendment of the United States Constitution during his divorce proceeding, which took place in Illinois (the "Illinois proceeding"). Mr. Grados, who is proceeding pro se, sued his ex-wife, Karen Lanier, her attorney, Linda Walt, his attorney, Vincent Cook, and the Hon. William Brady, the Judge who presided over the Illinois proceeding. He seeks the return of premarital property awarded to Lanier, the restoration of his custodial rights to his children, and damages.

Defendants Walt, Cook, and Judge Brady have moved separately to dismiss on a number of grounds, including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, improper service of process, and failure to

state a claim. [Doc. Nos. 9, 11, 22]. Ms. Lanier has not been properly served with this lawsuit and has not appeared in this proceeding. While the above motions were pending and nearly three months after Walt's motion had been filed, Mr. Grados moved to amend his complaint to add the state of Illinois as a defendant. [Doc. No. 26].

For the reasons set forth below, defendants' motions will be granted and this case dismissed, with prejudice.

I. BACKGROUND

The following facts are presented as alleged by Mr. Grados in his complaint.

The dispute arises out of a divorce proceeding filed by Karen Lanier in DeKalb County, Illinois. Ms. Lanier was represented by Linda Walt, Esq. Mr. Grados was represented by Vincent Cook, Esq. Due to a work-related back injury, Mr. Grados was unable to travel to Illinois for the trial. Despite his injury, Judge Brady ordered that he be present for the trial "against medical advice." [Doc. No. 1, ¶ 19]. In addition, Judge Brady ordered that Mr. Grados pay his arrearage in child support or be barred from presenting evidence at the trial. At some point, Cook informed him that as a result of these orders and related developments, "they are setting you up for a one-sided trial." [Doc. No. 1, ¶ 14]. Ultimately, the Illinois

2

proceeding was held in Mr. Grados's absence, and judgment was entered against him.  The court awarded Ms. Lanier custody of the couple's children, aged four and seven years old, and a portion of Mr. Grados's Pennsylvania state pension.

Mr. Grados brought suit alleging that the defendants conspired to commit a host of wrongs during the Illinois Proceeding, including signing fraudulent petitions and affidavits, tampering with evidence, and violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. [the "ADA"].   Mr. Grados attempted to serve all defendants by certified mail.   His service to Ms. Lanier was returned to sender, and to date has not been effected.

All other defendants responded and moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (5), and (6).  We are obligated to decide whether the court may exercise jurisdiction before addressing the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-95 (1998); Soc'y Hill Towers Owners' Ass'n v. Rendell, 210 F.3d 168, 175 (3d Cir. 2000).  We find that this court does not have subject matter jurisdiction, and will grant defendants' motions to dismiss.

II. STANDARD OF REVIEW

When a court considers a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the first question is whether defendant is making a facial or factual jurisdictional attack. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). In a facial jurisdictional attack, where defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the court may only consider the allegations of the complaint, and must do so in the light most favorable to plaintiff. U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). When, as here, the plaintiff is proceeding pro se, the pleadings must be construed liberally and are held to less stringent standards than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Defendants present a facial attack, arguing that plaintiff's claims challenge the sufficiency of a state court ruling and are thus barred by the Rooker-Feldman doctrine.

III. DISCUSSION

A. Subject-Matter Jurisdiction

The Rooker-Feldman doctrine is a judicially created doctrine, which bars lower federal courts from reviewing certain state court actions. The doctrine arises from the United States

4

Supreme Court's decision in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "The Rooker-Feldman doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." Parkview Assoc. Partnership v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000). See also Gulla v. North Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998).

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., the United States Supreme Court clarified the scope of the doctrine and held that Rooker-Feldman is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Mr. Grados's claims are barred by Rooker-Feldman. Mr. Grados suffered an adverse result in the Illinois proceeding, in which judgment was rendered before the filing of this case. The injuries of which he complains were caused directly by the judgments entered against him. Finally, in asking for the return of his property and custodial rights, he

5

is directly challenging the state court ruling, and therefore asking us to "review and reject" the judgment. This we cannot do. Exxon Mobil, 544 U.S. at 284.

B. Judicial Immunity

Although we decide this case on the basis of Rooker-Feldman, we note that Judge Brady is protected by judicial immunity. Judicial immunity is absolute when the judge performs a judicial act unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotations omitted). If the court properly has subject matter jurisdiction over the question, immunity is absolute even where the court lacks personal jurisdiction over one of the parties. Dykes v. Hosemann, 776 F.2d 942, 949 (11th Cir. 1985). Judicial immunity extends to civil rights actions. Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

Here, it cannot be questioned that the alleged acts of Judge Brady were judicial acts, all of which occurred during or arose from the custody proceeding over which he presided. Although Mr. Grados alleges that Judge Brady lacked personal jurisdiction over him, he does not allege that the court did not have jurisdiction to conduct the divorce proceeding.

C. Constitutional Claims

Nor has Mr. Grados alleged, nor could he, that the remaining defendants, including Ms. Lanier, acted under the

6

color of state law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). The Constitution provides protection only from acts committed by the government and by persons acting under the color of state law. It provides no protection from the acts of private citizens. Ms. Lanier is a private citizen. Walt and Cook are private attorneys. Attorneys do not act under color of state law simply because they practice law. Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

D.    Motion to Amend Complaint

If a plaintiff seeks to amend his complaint more than twenty-one days after a motion has been filed under Federal Rule of Civil Procedure 12(b), he must do so with the written consent of the adverse party or by the court's leave. Fed. R. Civ. P. 15(a)(2). The court may deny leave to amend when the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1968); Williams v. Kunz, No. 06-3072, 2008 WL 846529 at *4 (E.D. Pa. Mar. 28, 2008). Adding the state of Illinois to this action would not cure Mr. Grados's jurisdictional deficiencies. Therefore, his motion to amend will be denied.

IV.    CONCLUSION

Construing Mr. Grados's allegations liberally and in the light most favorable to him, it is clear that he merely seeks to relitigate his divorce proceedings. A federal district

court has no jurisdiction to review and reject the rulings of a state court.  Any such challenge must be made to the state appellate courts, and ultimately to the United States Supreme Court.  Accordingly, defendants' motions to dismiss [Docs. No. 9, 11, 22] will be granted.  It is clear based on the nature of plaintiff's claims that amendment would be futile.  Therefore, dismissal will be with prejudice, and Mr. Grados's motion to amend the complaint [Doc. No. 26] will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN P. GRADOS,                        )
          Plaintiff,                     )
                                         )
     v.                                  ) Civil Action No. 11-935
                                         )
KAREN LANIER, LINDA WALT, WILLIAM        )
BRADY, VINCENT COOK,                     )
          Defendants.                    )

ORDER

Gary L. Lancaster,
Chief Judge.                                    November 28, 2011

          AND NOW, this 28 day of November, 2011, IT IS HEREBY

ORDERED that, the Motions to Dismiss filed by defendants Linda

Walt [Doc. No. 9], Vincent Cook [Doc. No. 11], and William Brady

[Doc No. 22] are GRANTED, with prejudice.   The Motion to Amend

Plaintiff's Complaint [Doc. No. 26] is DENIED.

                         BY THE COURT,

                         _____ C.J.
                         Hon. Gary L. Lancaster,
                         Chief United States District Judge

cc:  All Counsel of Record

     Steven P. Grados
     107 Beechwood Drive
     Monongahela, PA 15063